UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

07 DEC 12 AM 9:32

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. **'07 MJ 2875** |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| v. ) | Title 8, U.S.C., Section 1326 |
| ) | Attempted Entry After |
| **Jorge RAMIREZ-Chavez** ) | Deportation |
| ) | |
| Defendant. ) | |
| ) | |

The undersigned complainant being duly sworn states:

On or about **December 10, 2007**, within the Southern District of California, defendant **Jorge RAMIREZ-Chavez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, U.S. Customs and Border
Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 12th DAY OF **DECEMBER**, 2007.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On December 10, 2007 at approximately 1950 hours **Jorge RAMIREZ-Chavez (Defendant)** made application for admission into the United States at the San Ysidro, California Port of Entry as a passenger in a silver Honda Accord. A United States passport bearing the name Joe Rodriguez was presented by the driver of the vehicle on behalf of the Defendant. The primary Customs and Border Protection (CBP) Officer received a computer generated referral and referred the vehicle and its occupants to secondary for further inspection.

In secondary, a CBP Officer asked the driver of the vehicle her destination in the United States to which she replied she was going to Los Angeles, California. The CBP Officer asked Defendant to whom the United States passport presented on his behalf belonged to and Defendant stated it was his. The CBP Officer determined that the Defendant was an imposter on the United States passport. The Defendant was then determined to be a citizen of Mexico without entitlements to enter the United States.

Defendant was queried by fingerprint and photograph submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS returned a match to the query confirming Defendant's identity and linking him to FBI and Immigration Service records.

Immigration Service records checks including the Deportable Alien Control System (DACS) and the Central Index System (CIS) identified Defendant as a citizen of Mexico and a previously remove alien. DACS information indicates that on or about **November 22, 1999** Defendant was order removed from the United States to Mexico and was physically removed through Nogales, Arizona on the same date. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.